CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HOPE M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:05cv313 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) By: Hon. Michael F. Urbanski |
| | )     United States Magistrate Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Hope M. Williams ("Williams") brought this action pursuant to 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and Social Security Income ("SSI") under Title II and XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is before the court on cross-motions for summary judgment. Having reviewed the record, and after briefing and oral argument on January 13, 2006, the case is now ripe for decision.

I.

Plaintiff was born on April 17, 1966, and subsequently obtained her GED. Plaintiff's previous work includes that of a janitor, housekeeper, sales representative, stocker and cook. (Administrative Record, hereinafter "R." at 18) Plaintiff filed an application for DIB and SSI on August 11, 2003, with a protective filing date of August 29, 2003, alleging she became disabled on July 26, 2003, due to multiple impairments. (R. 18, 19) Plaintiff's claims were denied at both the initial and reconsideration levels of administrative review, (R. 26-30, 32-34), and an

administrative hearing was held before an ALJ on December 3, 2004. (R. 219-241) On December 16, 2004, the ALJ issued a decision denying plaintiff's claims for DIB and SSI, finding plaintiff retained the residual functional capacity ("RFC") to lift or carry not more than a maximum of five pounds; stand or walk a total of one hour per day; and sit a total of eight hours per day at intervals of four hours, provided she avoids crouching or crawling, pushing or pulling, working at unprotected heights or with moving machinery, and exposure to allergens and temperature extremes. (R. 20) Claimant was also precluded from more than occasional climbing, stooping, kneeling and balancing. (R. 20)

The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on April 27, 2005, when the Appeals Council denied plaintiff's request for review. (R. 6-9) Plaintiff then filed this action challenging the Commissioner's decision. Following summary judgment briefing, oral argument was held on January 13, 2006. After argument, the parties were given an additional ten days to file briefs on the issue of whether the vocational expert's testimony meets the Commissioner's burden at step five of Social Security's sequential disability evaluation process. See 20 C.F.R. § 404.1520.

## II.

Williams raises two objections to the Commissioner's decision. First, she contends that the ALJ relied on flawed vocational expert ("VE") testimony. Specifically, Williams contends that the VE's response to the hypothetical question was inconsistent with the Dictionary of Occupational Titles ("DOT") as regards the Specific Vocational Preparation ("SVP") required for two of the three jobs identified by the VE. As to the third job, acetone button paster, plaintiff argues that there is insufficient evidence that it exists in sufficient numbers in the national

2

economy. Second, Williams argues that the ALJ erred by ignoring her nonexertional impairment of depression.

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

### III.

As regards the Commissioner's burden at step five, Williams argues that the testimony of the vocational expert is flawed and cannot constitute substantial evidence. Williams contends that the vocational expert erroneously identified three sedentary jobs that she could perform, which exist in sufficient numbers in the national economy. Those jobs are cashier I (DOT 211.362-010), order clerk (clerical) (DOT 249.362-026), and an assembler (DOT 734.687-010).[1] Williams claims that the VE erred as regards the first two jobs by testifying that the SVP for each has a value of 3, rather than the higher value actually reflected in the DOT.

---

[1] The VE's testimony refers both to DOT numbers 734.687-010 and 734.678-010 as regards the assembler job. As noted in Williams' brief and confirmed by review of the DOT, 734.678-010 does not exist in the registry of jobs on the DOT. 734.687-010 refers to acetone button paster, the description of which appears to be an assembler.

3

The SVP rating for each job is used to determine the amount of time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. Dictionary of Occupational Titles app. C (4th ed. 1991). The VE testified that the SVP rating for the cashier and clerk jobs is 3, reflecting a time period of between one and three months, when in fact, the DOT employs a rating of 4 for the order clerk (requiring a period of 3 to 6 months) and 5 for the cashier I (requiring a period of 6 to 12 months). In short, the testimony of the VE does not track the appropriate SVP values for the first two jobs.

While the VE correctly noted that the assembler job has an SVP of 2, Williams argues that there is no evidence that this specific job, acetone button paster, exists in significant numbers in the national economy. In support thereof, Williams states that "[a]n online search of the U.S. Department of Labor's Bureau of Labor Statistics['] Occupational Outlook Handbook yields not one single job by this title in the national economy, nor does it reveal the existence of a Button and Notion Industry in the national economy." (Williams' Supp. Br. at 4)

In English v. Shalala, 10 F.3d 1080 (4th Cir. 1993), the Fourth Circuit held that when a vocational expert relies on the DOT, such expert must use correct DOT information. The Fourth Circuit in English remanded the case because the vocational expert relied on an outdated edition of the DOT, which categorized the same occupations at different exertional levels. Id. For example, the cashier II job was classified as sedentary in the earlier edition but light in the later edition. Thus, the Fourth Circuit found that reliance on an outdated edition of the DOT "should not be recognized as substantial evidence to support a determination as to the existence of jobs in the national economy." English, 10 F.3d at 1085.

4

Further, Social Security Ruling ("SSR") 00-4p addresses conflicts between VE testimony and provisions of the DOT. That ruling provides that "when there is an apparent, unresolved conflict between the VE or VS [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Thus, while the Commissioner is correct to argue that the information in the DOT is not conclusive evidence, see DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983), when the Commissioner purports to rely on the information in the DOT, the Commissioner must get it right.

It is clear that the VE erred as to the specific SVP levels of the cashier I and order clerk jobs. The question on review is whether the error by the VE as to the SVP rating for these two jobs is significant, so as to require reversal or remand for a more precisely correct vocational assessment. What makes this case problematic is that at the same time the VE made this error, the VE also noted that for those two jobs, Williams had some transferable skills. The VE testified as follows:

> Q. Okay. All right. Now, back to the question, does she have any skills that transfer to sedentary?
>
> A. Well, the only skills would come from the sales where she did selling and cashiering types of jobs. They would directly transfer to a sedentary cashier job.
>
> Q. With the limits that I've placed in my hypothetical, would she be able to do a sedentary cashier job?
>
> A. Yes.

(R. 236) The ALJ explained that Williams had skills that would transfer to the cashier I and order clerk jobs, but none that would transfer to the assembler job, summarizing as follows:

5

> Q. Okay. So you have given me two jobs where skills transfer and one unskilled job?
>
> A. Yes.

(R. 238) Thus, although the VE erred when relating the specific SVP levels for the cashier I and order clerk jobs, the VE also testified that Williams had some transferable skills as regards those jobs. However, the ALJ's decision expressly avoided the issue of Williams' transferable skills, noting that "[t]he impartial vocational expert testified that the claimant has transferable skills, but evaluation of vocational opportunities will be limited to unskilled work." (R. 21)

Because the VE noted the existence of transferable skills, it may well be that his testimony as to Williams' ability to perform these jobs is correct. The problem, however, is that there is no way for a reviewing court to determine whether that is the case, as the VE did not explain whether Williams' transferable skills would allow her to do the cashier I or order clerk jobs given their correct (higher) SVP levels. Since the VE failed to make such assessment, the court cannot, on this record, determine whether Williams can perform these two jobs.

At the hearing, the Commissioner argued that she met her burden at step five on the basis of the vocational expert's testimony as to the assembler job alone. The VE testified that there were 1,500 unskilled assembler jobs in the region and well over 100,000 nationally. (R. 238) For her part, Williams takes issue with this evidence by noting that the specific job referenced by the VE, acetone button paster, DOT 734.687-010, does not appear in the <u>Occupation Outlook Handbook</u> published by the Department of Labor's Bureau of Labor Statistics.[2]

---

[2] Social Security regulations provide that the agency will take "administrative notice of reliable job information available from various governmental and other publications," including the <u>Occupational Outlook Handbook</u>. 20 C.F.R. § 404.1566(d)(5).

Case 7:05-cv-00313-mfu   Document 19   Filed 02/06/06   Page 6 of 9   Pageid#: 68

The Commissioner argues that despite the errors by the VE as to the first two jobs, testimony as to the one acetone button paster job is sufficient to meet her burden at step five of the sequential evaluation process. The Commissioner cites <u>Craigie v. Bowen</u>, 835 F.2d 56, 58 (3d Cir. 1987), for the proposition that VE testimony as to 200 jobs in the region is sufficient to meet the burden at step five. While <u>Craigie</u> indeed stands for that proposition, it does not concern the salient issue here: whether a decision by an ALJ which expressly relies on erroneous vocational testimony can be found to be supported by substantial evidence. Unlike <u>Craigie</u>, the ALJ in this case was unable to solely consider whether the number of assembler jobs is sufficient to meet the Commissioner's burden at step five. Instead, the ALJ relied on the whole of the VE's opinion, including his erroneous view as to the SVP levels for the order clerk and cashier I jobs. It is impossible for the court to determine how the ALJ might have viewed the sufficiency of the assembler job alone, as his decision is clouded by his reliance on the VE testimony in its entirety.

Given the errors by the VE, and the fact that the ALJ relied on the VE's flawed testimony in reaching his conclusion at step five, the court cannot find that substantial evidence supports this decision. As such, it will be reversed and remanded for a further vocational assessment, taking into account the appropriate SVP levels of jobs existing in the national economy, as well as Williams' transferable skills.

### IV.

The court finds no error, however, in the ALJ's failure to note any nonexertional impairment. Neither of the physician assessments relied upon by Williams contains a diagnosis of depression. (R. 180-81, 191) While Vicki Wells, a licensed professional counselor, provided

7

therapy for Williams concerning depression during a few visits from April to June, 2004, a counselor is an unacceptable medical source under the Social Security regulations. 20 C.F.R. §§ 404.1513, 416.913. While Williams suggests that the records of the Bradley Free Clinic support her claim of severe depression, none of those records indicate that her chief complaint was depression. Instead, the bulk of the complaints reflected in those records concern her knee pain, dizziness and nausea. (R. 122-179, 192-97) Where, as here, the record contains scant evidence of complaints of depressive symptoms and no medical evidence of any functional limitation associated therewith, it cannot be credibly argued that the ALJ erred by not including Williams' few complaints in his disability calculus. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986).

## V.

As the VE erred as to the specific SVP levels of the cashier I and order clerk jobs, and this evidence was relied upon by the ALJ, the court cannot find that substantial evidence in the record to sustain the Commissioner's burden at step five. As a result, the case will be remanded for a further vocational assessment, specifically considering the correct SVP levels of jobs existing in the national economy, as well as plaintiff's transferable skills.

At the same time, the ALJ did not err in failing to note nonexertional impairment, as plaintiff's medical records contain few complaints of depression and no evidence of functional limitations associated therewith.

An appropriate order will be entered. The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

8

**ENTER:** This ⁶ᵗʰ day of February, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge

9